**Cynthia BRYANT, et al., Appellants,**

v.

**Katherine HIBBERT, Appellees.**

**No. 13559.**

Court of Appeals of Texas, Austin.

Sept. 22, 1982.

Cynthia Bryant, Children's Rights Clinic, Regina Rogoff, Legal Aid Society of Central Tex., Austin, for appellants.

Ronald Earle, Dist. Atty., Scott Lyford, Asst. Dist. Atty., Austin, for appellees.

Before PHILLIPS, C.J., and SHANNON and POWERS, JJ.

POWERS, Justice.

Appellee, the Director of the Travis County Child Welfare Unit, a constituent element of the Texas Department of Human Resources, initiated in the district court a suit against an appellant, Lana Clark, seeking termination of her parental rights in her two minor daughters. The trial court found that the evidence adduced at trial established the specific grounds for termination set out in subsections (D) and (E) of Tex.Fam.Code Ann. § 15.02(1) (Supp. 1981) and established, as well, that termination was in the best interest of the children.[1] That court rendered judgment accordingly.

In several points of error, appellant challenges the legal and factual sufficiency of the evidence which underlies the trial court's judgment. We overrule these points of error, finding the trial court's judgment to be supported by clear and convincing evidence.

Appellant's testimony established the following: She was married in 1971 when she was fifteen years of age, having her first child the same year and her second child in 1973. She and her husband separated in 1974 and the two children were placed in the care of their father's grandmother because appellant had entered the Austin State Hospital. The children lived with

---

1. The trial court judgment rests expressly upon the following provisions of Tex.Fam.Code Ann. § 15.02:

A petition requesting termination . . . may be granted if the court finds that:
(1) the parent has:
    *    *    *    *    *
(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotion well-being of the child;
    *    *    *    *    *    *
and further finds that
(2) termination is in the best interest of the child.

other persons for about two and one-half years. After being released from Austin State Hospital, appellant and her children lived with her boyfriend, for whom she worked as a prostitute. The boyfriend supplied her with amphetamines, marijuana, cocaine, and LSD. Her two daughters lived with appellant and her boyfriend in an all too-familiar milieu of illicit drugs, overdoses, firearm displays and discharges, arrests, prostitution, theft, and narcotics possession. Appellant frequently left her children alone with the boyfriend. The boyfriend engaged in sexual acts with at least one of appellant's two daughters, of which acts appellant was aware. Appellant believed, based upon some evidence which she recited, that the boyfriend facilitated sexual acts between the girls and other men. Appellant believed that the circumstances posed a threat to the children's physical and emotional well-being; in consequence, she took them to "therapy" but ceased doing so because the requisite public transportation was "unreliable." She was afraid of the boyfriend and for that reason would not report to the police his sordid sexual engagements with the one daughter, which occurred on occasion in the presence of the other. Appellant felt powerless to change the circumstances or to extricate the children from them.

From the whole of appellant's testimony emerges a poignant theme of true affection between appellant and her children, marked by her concern for them and, indeed, her careful tending to their welfare in certain respects, such as her discussions with them about Biblical principles, her assuring their school attendance, her providing clean clothes for them, and other manifestations of appellant's meeting her responsibility for their well-being. Nevertheless, with regard to the immediate and severe danger posed to the children's physical and emotional well-being—the environment of drugs, pandering, firearms, prostitution, thefts, arrests, and sexual abuse—appellant's testimony establishes in the strongest degree that she was pitiably, but excessively, lacking in the minimal motivation or courage necessary to protect their well-being, even with extensive and continuous help from public agencies, by removing them from the danger. Her testimony alone justifies the conclusion that she lacks either the ability reasonably to appraise such danger to her children or the ability to protect them from it. We hold that the record establishes by clear and convincing evidence the statutory grounds for termination found by the trial court.

We have carefully examined appellant's remaining points of error and find any error to be harmless, if error there was. They are, accordingly, overruled.

■ During the course of the proceedings below, the trial court appointed an attorney ad litem, Cynthia Bryant, to represent the interests of appellant's minor children. The attorney ad litem filed in the cause an original answer wherein she pleaded a right to recover attorney's fees from either the appellant or appellee, or both and requested judgment accordingly. The judgment of the trial court awards the attorney ad litem judgment in the amount of $250 "for legal services rendered," to be paid by Travis County "from such general funds as are available for the purpose of paying attorneys who represent indigents." By a "reply point" in this appeal, the attorney ad litem contends the trial court erred in awarding only $250 in attorney's fees because there was no evidence to support that amount; and by another "reply point" that the overwhelming preponderance of the evidence showed that $4,020 was a reasonable attorney's fee and the award of only $250 was thus against the great weight and preponderance of the evidence. The brief of appellee "concurs" in these "reply points;" appellant made no response to them.[2]

---

2. Tex.Fam.Code Ann. § 11.10(e) provided, at the time material to the present suit, that an attorney appointed to represent a child in a termination suit "is entitled to a reasonable fee in the amount set by the court which is to be paid by the parents of the child unless the parents are indigent." 1979 Tex.Gen.Laws, Ch. 643, § 3, at 1472. The parents were shown to be indigent in the present case. We assume for the purposes of discussion that Travis County

The record of trial reflects that the only evidence offered in the matter of attorney's fees was the following statement made in open court by the attorney ad litem:

I'd like to offer a stipulation concerning my attorney's fees in this case.

I am the attorney ad litem in this case. I was appointed in November of 1980. I am licensed to practice law in Texas and have been since 1976. My practice has been exclusively in the family since 1977. Mrs. Reese, who has done most of the questioning here, is a third year law student licensed to practice under my supervision.

In working on this case under my supervisions Ms. Reese has worked 82 hours. A reasonable fee for her services is $10 per hour, making it a total of $820. That does not include hours of my supervision of her and consulting with her on the preparation of the case.

I have worked 64 hours in this case, and a reasonable fee for my services would be $50 an hour, for a total for my services of $3,200.

A total of both her time and my time at those rates would come to $4,025. That would have to be assessed under the indigent fees that the County would pay; it is a County liability.

The trial court was bound by the statutory requirement of a "reasonable" fee. Tex. Fam.Code Ann. § 11.10(e), *supra*. We find in the record no formal "stipulation" or agreement, relative to attorney's fees, which would be binding on the trial court. Tex.R.Civ.P.Ann. 11 (1979); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). The amount of money which constituted a "reasonable" fee was therefore a matter requiring the introduction of evidence.

"The determination of the reasonableness of a fee requires consideration of all relevant circumstances ..." State Bar of Texas, Rules and Code of Professional Responsibility, EC 2–18 (1971). These circum-

stances include not merely the time expended by an attorney and a sum which equals a reasonable hourly rate. The *necessity* for each part of an attorney's work and the *nature* and *quality* of the service rendered by him are essential elements in ascertaining what is, in fact, a reasonable fee for the entirety of an attorney's work on a case. If we assume that the attorney ad litem was entitled to recover for the hours worked by her assistant, as well as for those hours worked herself, it was her burden to place in evidence, at minimum, the nature of the various kinds of work done, the facts which made such work necessary, and the quality of the work performed, in addition to the mere number of hours expended and the attorney's opinion of what constituted a reasonably hourly rate. She did not do so. We overrule her "reply points."

Finding no error, we affirm the judgment of the trial court.

PHILLIPS, C.J., not participating.

could be held liable for such attorney's fee, but do not purport to decide any question in that

respect.